OPINION
{¶ 1} Defendant John Collopy appeals from his conviction and sentence in the Butler County Common Pleas Court for trafficking in marijuana and possession of marijuana. Collopy's conviction and sentence are affirmed.
 {¶ 2} On April 25, 2001, United States Postal Inspector Donald Filer received a telephone call from fellow United States Postal Inspector Norman Jaworski, who was based in Los Angeles. Jaworski told Filer that a suspicious-looking package had just been sent by Express Mail from the post office at Los Angeles International Airport ("LAX") in California to an address in Hamilton, Ohio.
 {¶ 3} On April 26, 2001, Filer intercepted the package at the Cincinnati/Northern Kentucky International Airport. Filer contacted Officer Doug Eldridge of the airport's police force, asking him to bring his drug-sniffing canine Rosie to investigate the package. The package was placed on the floor of the airport's mail facility, along with several other packages of similar shape and size. Rosie alerted on the package from Los Angeles.
 {¶ 4} Filer sought and obtained a search warrant in a United States District Court authorizing him to search the package. Filer's search of the package revealed 6,508.8 grams of marijuana. Filer re-wrapped the package and met with Hamilton police to arrange a controlled delivery of the package to the address listed on it. After the police delivered the package to that address, Collopy picked it up and took it to an apartment at another location. The police secured a search warrant for that apartment from the Butler County Common Pleas Court. The police arrested Collopy after finding the marijuana in his possession.
 {¶ 5} Collopy was indicted for trafficking in marijuana and possession of marijuana, both felonies of the third degree. Collopy moved to suppress the marijuana, arguing that the federal search warrant was not supported by probable cause. After holding a hearing, the trial court overruled Collopy's motion. Collopy tendered a no contest plea on both charges and was found guilty. The trial court sentenced him to serve two years in prison on each count, with the sentences to run concurrently, and fined him $2,500 and costs.
 {¶ 6} Collopy appeals, raising four assignments of error. We shall address his second assignment of error first, since it is dispositive of all the others.
Assignment of Error No. 2
 {¶ 7} "THE TRIAL COURT ERRED IN REFUSING TO SUPPRESS THE EVIDENCE FLOWING FROM THE UNLAWFUL AND ILLEGAL SEARCH AND SEIZURE OF THE BOX, IN TRANSIT, BY POSTAL AUTHORITIES."
 {¶ 8} Collopy argues that the trial court erred by overruling his motion to suppress because the affidavit used to obtain the search warrant for the package containing the marijuana failed to establish probable cause. We disagree with this argument.
 {¶ 9} "[F]irst class mail such as letters and sealed packages subject to letter postage * * * is free from inspection by postal authorities, except in the manner provided by the Fourth Amendment."United States v. Van Leeuwen (1970), 397 U.S. 249, 251, 90 S.Ct. 1029. The Fourth Amendment to the United States Constitution provides that "[t]he right of the people to be secure in their persons, houses, papers, and effects, against unreasonable searches and seizures, shall not be violated, and no Warrants shall issue, but upon probable cause, supported by Oath or affirmation, and particularly describing the place to be searched, and the persons or things to be seized." In determining whether probable cause exists to justify a warrant, "[t]he task of the issuing magistrate is simply to make a practical, common-sense decision whether, given all the circumstances set forth in the affidavit before him, * * * there is a fair probability that contraband or evidence of a crime will be found in a particular place." Illinois v. Gates (1978),462 U.S. 213, 238, 103 S.Ct. 2317. An appellate court's duty in reviewing a magistrate's probable cause determination "is simply to ensure that the magistrate had a `substantial basis for * * * conclud[ing]' that probable cause existed." Id. at 238-239, citing Jonesv. United States (1960), 362 U.S. 257, 271, 80 S.Ct. 725.
 {¶ 10} The affidavit submitted by Inspector Filer to obtain the search warrant for the package established that Filer was an experienced and well-trained Postal Inspector. The affidavit averred that the package was being sent from LAX in Los Angeles, California, a primary source location for drugs coming into the Cincinnati area. The package was sent by Express Mail, which is often used by drug traffickers because of its speed and reliability, and because it provides a tracking service that allows drug traffickers to know the whereabouts of their contraband. The package was addressed from one individual to another. Most importantly, the package had a false return address to a fictitious person and its intended recipient was not known to receive mail at the address listed on the package. When considered in their totality, these circumstances allowed the magistrate who issued the search warrant to reasonably conclude that there was a fair probability that the package contained contraband, which it, in fact, did. The use of fictitious names and addresses signals deception, and the use of deception signals criminal activity. This fact, along with the others mentioned, provided the magistrate with a substantial basis for concluding that probable cause existed to issue a search warrant for the package.
 {¶ 11} Furthermore, we arrive at this conclusion without having to consider the remaining information in the affidavit, which stated that after mailing the package, Collopy was seen getting into the car of a black male, "possibly Jamaican"; that Jamaicans in the Los Angeles area were known to be involved in drug trafficking; and that a drug-detecting dog alerted to the package.
 {¶ 12} Collopy's second assignment of error is overruled.
Assignment of Error No. 1
 {¶ 13} "THE TRIAL COURT ERRED BY REFUSING TO APPLY OHIO LAW AT THE MOTION TO SUPPRESS [sic] HELD IN THIS CAUSE."
Assignment of Error No. 3
 {¶ 14} "THE TRIAL COURT COMMITTED PREJUDICIAL ERROR IN REFUSING TO COMPEL THE STATE TO ALLOW THE DEFENDANT TO COPY THE RECORDS OF THE DOG AND HANDLER."
Assignment of Error No. 4
 {¶ 15} "THE TRIAL COURT ABUSED ITS DISCRETION BY REFUSING OT [sic] ORDER DISCOVERY AND BY REFUSING TO PERMIT APPELLANT TO PERFECT THE RECORD BY PROFFER."
 {¶ 16} These assignments of error have been rendered moot by our disposition of Collopy's second assignment of error. See App.R. 12(A)(c).[1]
 {¶ 17} Collopy's first, third, and fourth assignments of error are overruled.
Judgment affirmed.
POWELL, P.J., and YOUNG, J., concur.
[1] Collopy's first, third, and fourth assignments of error involved issues related to the reliability of the drug-detecting canine used by law enforcement in this case. Because we concluded in our response to Collopy's second assignment of error that probable cause existed in this case even without the evidence of the drug-detecting canine's alert on the package mailed by Collopy, these assignments of error have been rendered moot.